ALFRED W. RICE AND HENRY W. FLOYD, *Copartners as Rice & Floyd*, v. BARCLAY SIMPSON, *et al.*

ACTION, *Not Deemed Commenced as to Certain Defendants.* Plaintiffs, under a contract with one S., supplied lumber to erect a house upon certain real estate, and the same was so used. At the time the lumber was sold and used, one H. held the legal title to the premises on which the dwelling house was constructed. Prior thereto, he had contracted with S. to furnish the premises to be built upon, with the agreement to convey the premises to the person to whom S. might sell the same. Soon after the completion of the building, a lien for the material of which it was constructed was duly filed. Before any action was commenced to foreclose the lien, under the direction of S., H. conveyed the premises to V. by warranty deed for the consideration of $100, and on the same day took from V. a mortgage thereon for $500, and before the commencement of the action assigned the mortgage to one O. After the purchase of the premises by V., and subsequent to the commencement of the action, V. conveyed the same by warranty deed to M., and M. conveyed by like deed to F. *Held,* That in an action to foreclose the lien for material, H. was not so united in interest with either F. or O., co-defendants, that the action could be deemed commenced as to either F. or O. at the date of the summons served upon H.

*Error from Dickinson District Court.*

THE nature of the action, and the facts, appear in the opinion. At the October Term, 1882, of the district court, plaintiffs *Rice & Floyd* had judgment against defendant *Simpson* for $310 and costs; but judgment for costs was entered for defendants *Finley, Otley,* and *Henry,* and against plaintiffs, who bring the case here.

*Mahan & Burton,* for plaintiffs in error.

*McClure & Humphrey,* for defendants in error Henry and Otley.

The opinion of the court was delivered by

HORTON, C. J.: Prior to May 3, 1879, plaintiffs furnished to Barclay Simpson lumber and materials in the sum of $249.30, to be used in the construction of a dwelling house on lot 8, in block 12, in Kinney & Hodge's addition to the city of Abilene, and the lumber and material were used in the construction of the dwelling house. This was completed May 3, 1879, and a lien for material filed soon after. At the time the contract for furnishing the lumber and material was made, and at the time the same were furnished and used, the title to the lot on which the dwelling was constructed was in T. C. Henry, who had contracted with Barclay Simpson to furnish the lot to be built upon by Simpson, with the agreement that he would convey the lot to the person to whom Simpson might sell the premises. On the 5th day of May, 1879, Henry conveyed the lot to Hiram Vandemark by deed of warranty for $100, and on the same day took from Vandemark a mortgage for $500, and assigned this mortgage to Fanny Otley on May 13, 1879. On the 16th day of October, 1879, Hiram Vandemark conveyed the property to Hiram McCurdy by deed of warranty, and on the 17th day of February, 1880, Hiram McCurdy conveyed the premises to M. A. Finley by deed of warranty. This action was commenced on the 19th day of June, 1879. Simpson and Henry were served about that date. M. A. Finley was made a party defendant in March, 1881, and thereafter duly served with summons, and answered November 9, 1881. Service was not had on Fanny Otley until January, 1881. The court held as a conclusion of law that the action was not brought as to M. A. Finley or Fanny Otley within one year from the completion of the building, and also held that T. C. Henry was not so united in interest with said defend-

ants that the action could be deemed to have been commenced as to either Finley or Otley at the date of the summons which was served upon Henry. The court further held that no cause of action was proved against Henry.

We perceive no error in these rulings. Henry was not personally liable for the materials furnished, and before the commencement of the action had transferred the legal title of the premises to Vandemark, and had also transferred the mortgage which he held against the premises to Fanny Otley. Plaintiffs were not entitled upon the findings of the court for any judgment against Henry. It cannot be said that the interest of Henry and of the other defendants named, was joint or inseparable. No joint judgment could have been rendered against them, and against Henry no judgment could have been or was rendered. (Civil Code, § 20; *Bradford v. Andrews*, 20 Ohio St. 208; *Buckingham v. Bank*, 21 Ohio St. 138.)

The judgment of the district court will be affirmed.

All the Justices concurring.