## GEORGE H. RICE & Co. v. F. G. BROWN.

1. MECHANIC'S LIEN—*Statutory Provision.* The legislature has regarded it just and equitable that all who contract with the owner of any tract of land, his agent, or trustee, or who, in pursuance of a contract with him for that purpose, contribute their labor or material to increase the value of his property, should have a lien upon it for the payment of their respective claims, and have prescribed the manner of securing and enforcing the same.

2. ——— *Completion of Building—Statement Filed in Time.* When a contractor claims a lien for labor or material furnished to make improvements on land, he is required to file a statement of his claim with the clerk of the district court of the county in which the lands are situated within four months after the completion of the building or other improvement; and the person who furnishes material or performs labor under a subcontract with the contractor must file a like statement of his claim against the contractor within 60 days after the completion of the building or other improvement; and where a building is substantially completed according to the contract between the contractor and the owner, and the owner takes possession of the house and moves into it, and the contractor ceases all work upon it, and both parties seem to treat the house as completed, and the subcontractor files his statement of claim as a lien within 60 days after the owner takes possession of the building, his lien is valid.

MEMORANDUM.—Error from Reno district court; L. HOUK, judge. Action by George H. Rice and Alexander Clark, partners as George H. Rice & Co.,

against F. G. Brown and J. L. Moore to enforce a lien for materials furnished. Judgment for defendant Brown. Plaintiffs bring the case here. Reversed. Opinion filed November 9, 1895.

The statement of the case, as made by JOHNSON, P. J., is as follows.

In July, 1887, F. G. Brown was the owner of lots 9, 10, and 11, Avenue "A," in Hutchinson, Reno county, Kansas, and at that time entered into a written contract with J. L. Moore for the erection of a dwelling-house on said lots. By the terms of the contract, Moore was to receive, as compensation for furnishing material and completing the dwelling-house, the sum of $3,300. Soon after the making of the contract between Moore and Brown for the erection of the house, in order to carry out his part of the contract, Moore entered into a subcontract with G. H. Rice and Alexander Clark, co-partners, doing business under the name and style of G. H. Rice & Co., lumber dealers, to furnish material for the construction of such house. Under this subcontract, G. H. Rice & Co. furnished material that was used in the erection of the house, amounting in the aggregate to $1,366. Moore soon after commenced the work of construction of the house, and continued the work upon the same until it was inclosed and plastering all done. In the early part of October he was taken sick, and the work of construction upon the house was thereafter continued by other parties until about the 9th day of December, 1887, when F. G. Brown took possession and moved into the house with his family, and has continued to occupy the same as the home of himself and family ever since. Moore has done no work upon the house or the grounds since the

time Brown moved into it. On the 17th day of January, 1888, Rice & Co., as subcontractors, filed a statement with the clerk of the district court of Reno county, Kansas, of the amount due them from Moore, as contractor, for the materials furnished, and a description of the property upon which the materials furnished were to be used, and furnished a copy of such statement to F. G. Brown, the owner of the premises upon which such lien was so filed, and the clerk of the district court entered such statement in the mechanic's lien record under the proper designation. On January 18, 1888, Rice & Co. commenced an action in the district court of Reno county, Kansas, to foreclose their lien for the materials furnished to J. L. Moore, contractor, to be used in the construction of such dwelling-house. In December, 1888, such action was dismissed without prejudice, and this suit was commenced on the 11th day of January, 1889, to recover the sum of $1,366 from J. L. Moore, and for the foreclosure of the lien. . Moore made no defense to the action, and the case was tried on the issues between G. H. Rice & Co., plaintiffs below, and F. G. Brown, defendant below. The case was tried by the court, with a jury to make advisory findings of fact. The jury made their findings, and the plaintiffs below requested the court to require the jury to return to their room and make additional findings, but the court discharged the jury and made the additional findings of the fact in writing, and filed them in this case.

" Special findings of fact by the jury :

"1. Did plaintiffs furnish lumber and other material to the contractor, J. L. Moore, under a contract and for the purpose of being used in the building of defendant's (Brown's) house on Avenue "A," east, in the city of Hutchinson? Ans. Yes.

" 2.  What was the amount and value of the material so furnished?   A.  $1,366.

" 3.  Was said material so furnished actually used in said house?   A.  Yes.

" 4.  When did defendant Brown move into the house?   A.  December 9, 1887.

" 5.  Did Brown, about the middle of December, 1887, settle up with the painters for the painting of the house?   A.  Yes.

" 6.  Did the defendant, Brown, about the 15th or 18th of December, 1887, tell the plaintiff, G. H. Rice, that his house was completed?   A.  No.

" 7.  Was said house substantially completed at that time?   A.  No.

" 8.  Did plaintiffs believe that the house was completed at that time?   A.  No.

" 9.  If plaintiffs did so believe, was it because defendant Brown had told Rice that it was completed? A.  No.

" 10.  Did Brown finish the house in conformity to the plans and specifications, or did he alter, change and enlarge upon them?   A.  No ; he changed them.

" 11.  How much did it cost to build said house? A.  $3,589.86.

" 12.  What was the first price fixed by Moore for building the house according to original plans and specifications?   A.  $4,200.

" 13.  Was the first price asked by Moore agreed to, or was it reduced?   A.  It was reduced.

" 14.  And on account of such reduction and building for less money, were not certain things taken out of the plans and specifications?   A.  No.

" 15.  And were not the grading and plumbing so left out?   A.  No.

" 16.  Was the work done by Woodruff and Ainsley, the painters, in March, 1888, on front doors of Brown's house, a part of the work Moore contracted with Brown to do?   A.  No.

" 17.  How much money did Brown pay to Moore prior to February 19, 1888?   A.  $1,600.

" 18.  Did J. L. Moore ever complete the building of Doctor Brown?   A.  No.

"19. When was the last of the painting done on said building? A. March, 1888.

"20. Did J. L. Moore contract to do the painting? A. Yes.

"21. When was the last of the plumbing done on said building? A. March 12, 1888.

"22. When was the copy of the mechanic's lien statement served on Brown? A. January 17, 1888.

"23. When was the grading done and finished on said premises? A. About the last of March, 1888.

"24. What was the last painting done on said building? A. Front doors.

"25. What was the last of the plumbing done? A. Making connection with main.

"26. How much did Doctor Brown pay out for labor and material done on said building under the contract of Moore and Brown? A. $1,600.

"27. Did Moore pay out the $1,600 paid him by Doctor Brown to said contractors for labor and material put into said building? A. Yes."

Thereupon the plaintiffs moved the court to make further findings of fact therein; whereupon the court made answer to interrogatories as follows:

"Findings of fact by the court:

"1. What plumbing-work remained unfinished on December 19, 1887? A. The connection between the street main and the water-pipe at the curb line.

"2. Was there any work done included in Moore's contract with Brown on the premises in question between the 19th day of December, 1887, and the 8th of March, 1888? A. No.

"3. Was the work in question, excepting grading and plumbing from curb line, substantially completed in December, 1887? A. Yes.

"4. Does defendant Moore claim that all the work he contracted with Brown to do was completed in December, 1887? A. Yes.

"5. Was any of the material furnished by plaintiffs used in any of the work that was done on said premises subsequent to December, 1887? A. No.

L. HOUK, *Judge*."

The plaintiffs below filed their motion for judgment against defendant for a foreclosure of their lien on the special findings of the jury and the additional findings made by the court.    The defendant, Brown, also filed a motion for judgment against plaintiffs, denying a foreclosure of plaintiffs' lien on the special findings of fact by the jury and the additional findings made by the court.    The court overruled and denied the motion of the plaintiffs below for foreclosure of the lien, and sustained the motion of the defendant below, and rendered a judgment against plaintiffs below, in which the court made the following order :

"It is therefore ordered and decreed that the statement for mechanic's lien herein sued upon is void and of no effect, and is no lien against the property therein described ; that the defendant, F. G. Brown, have and recover judgment against plaintiffs G. H. Rice and Alexander Cook, and each of them, for costs of this suit. . . ."

To which findings and judgment plaintiffs then and there excepted.    Plaintiffs below filed a motion for a new trial, (which was overruled and excepted to,) and filed their petition in error with the case-made attached, and the same has been, by order of the supreme court, duly certified to this court for its determination.

*F. F. Prigg,* for plaintiffs in error.

*Whiteside & Gleason,* and *Davidson & Williams,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. :    There is no dispute as to the facts found in this case ; each party was satisfied with the facts found by the jury and the additional facts found by the court.    It becomes a question of law as to

whether the plaintiffs below were entitled to a lien upon the real estate for which they had furnished material as subcontractors to erect improvements thereon. Plaintiffs claim a lien on the premises under §§ 630 and 631, article 27, chapter 80, Compiled Laws of 1885 :

" Sec. 630. Any mechanic or other person who shall, under contract with the owner of any tract or piece of land, his agent or trustee, or under contract with the husband or wife of such owner, perform labor or furnish material for erecting, altering or repairing any building or the appurtenances of any building, or any erection or improvement, or shall furnish or perform labor in putting up any fixtures or machinery in or attachment to any such building or improvement, . . . or shall perform labor or furnish material for erecting, altering or repairing any fence on any tract or piece of land, shall have a lien upon the whole piece or tract of land, the buildings and appurtenances in the manner herein provided, for the amount due to him for such labor or material, fixtures or machinery.

" Sec. 631. Any person who shall furnish any such material or perform such labor under a subcontract with the contractor, wishing to avail himself of the act, shall file a statement of the amount due him from such contractor for the labor performed or the material, fixtures or machinery furnished, and a description of the property upon [to] which the same were done [applied] within 60 days after the completion of the buildings, improvements or repairs or furnishing or putting up of fixtures or machinery, or the performance of such labor, in a book kept by the clerk of the district court for that purpose, and furnish a copy thereof to the owner or agent of the premises, which book shall be ruled off into separate columns with heads as follows : When filed, name of contractor, name of claimant, amount claimed, and description of property, and the proper entry shall be made under each of such heads."

The legislature has regarded it just and equitable that all those who, by contract with the owner of any

tract of land, his agent or trustee, or in pursuance of contracts with him for that purpose, contribute either labor or material to increase the value of his property, should have a lien upon it for the payment of their respective claims for such labor or materials, and has prescribed the manner of securing and enforcing the same. At common law no lien existed in favor of mechanics or material men. The right to a lien for labor or material in the improvement of real property is one conferred by statute alone, and, in order to obtain such lien, the party must pursue his remedy in strict conformity with the mode, in the manner and within the time prescribed by the statute. The statute requires that, where the contractor claims a lien, he shall file in the office of the clerk of the district court in the county in which the land is situated a statement, verified by affidavit, such statement to be filed within four months after the completion of the building, improvement or repairs, or the furnishing or putting up of fixtures or machinery, or the furnishing of material or labor for the building. A person who shall furnish any material or perform such labor under a subcontract with the contractor, must file a like statement of his claim against the contractor within 60 days after the completion of the building, improvement, or repairs, or the furnishing of material.

The jury found that plaintiffs furnished lumber and other material to the contractor, Moore, under a contract for the purpose of being used in the building of defendant Brown's house, on Avenue "A," east, in the city of Hutchinson, to the amount of $1,366; that the material so furnished was actually used in the construction of such house; that Brown moved into the house December 9, 1887, and settled with the painters

for painting the house about the middle of December; that Brown did not finish the house according to plans and specifications — that he changed them. The jury also found that the house was not fully completed until March, 1888; that the work done after December 9, 1887, was not a part of the work contracted to be done by Moore with Brown; that Brown paid Moore prior to February 19, 1888, the sum of $1,600; that the plaintiff's lien was filed January 17, 1888; that Moore paid out for labor and material all of the $1,600 paid him by Brown on the building; that all the plumbing unfinished on December 19, 1887, was the connection between the street main and the water-pipe at the curb line; that there was no work done included in Moore's contract with Brown on the premises between the 19th of December, 1887, and the 8th of March, 1888; that the work in the construction of the house, except grading and plumbing from the curb line, was substantially completed in December, 1887; that Moore claimed that all of the work he contracted with Brown to do was completed in December, 1887; that none of the material furnished by plaintiffs was used in any of the work that was done on the premises subsequent to December, 1887.

The defendant insists that the contract with Moore to build the house, grade the grounds around the building and connect the plumbing to the main in the center of the street was one entire contract, and that no lien could be filed until this was all completed. Brown took possession of the house and moved into it in December, 1887, Moore claiming to have completed it according to his contract, and the same being completed substantially, except grading and putting in piping from the curb line to the main in the center of

the street. All work was suspended about the premises for some months, and during such suspension plaintiffs' lien was filed. The contractor did not at any time thereafter do any work upon the building or furnish any further material, but treated it as complete, and the owner was apparently satisfied with the building in that condition. We think, therefore, that the parties furnishing such material had a right to regard the building as completed and file the statement for a lien thereon, and that such statement, being filed in strict accordance with the law, entitled them to a lien upon the premises for the value of their material, and gave them a right to enforce the same by suit of foreclosure. The statute giving mechanics and persons furnishing material a lien on the premises where the building is situated provides that no suit shall be prosecuted to enforce the same until the expiration of 60 days after the completion of the building. The bringing of the suit on January 19, 1888, was premature, and the same was for that reason dismissed in December, 1888, and the present suit was commenced within one year after the dismissal of the first suit.

The defendant insists that this suit is barred by the statute of limitations. We think the case of *Seaton v. Hixon*, 35 Kas. 663, is decisive of this question. VALENTINE, J., speaking for the court, says:

"Is the present action barred by the one-year limitation prescribed by § 4 of the mechanic's lien law? We think not. That limitation requires that an action to foreclose the lien shall be commenced within one year after the building has been completed; but it also provides that 'the practice, pleadings and proceedings in such action shall be in comformity with the rules prescribed by the code of civil procedure, so far as the same are applicable.' (Comp. Laws of 1879,

¶ 4171.) And § 23 of the code of civil procedure, reads as follows: 'Sec. 23. If any action be commenced in due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure.''

We think this action was not barred by the statute of limitations. The court should have rendered judgment upon the facts as found in favor of the plaintiffs for the foreclosure of their lien, together with interest and costs. The judgment of the district court is reversed, and the case remanded with direction to enter up judgment for the plaintiffs in accordance with this opinion.

All the Judges concurring.