FRANK WOOD, *as· Trustee, etc.*, v. W. W. DILL *et al.*
No. 71.

MECHANIC'S LIEN—*Limitation of Action.* In an action to enforce a mechanic's lien, service of summons upon the owner, within the period of limitation prescribed by statute for the commencement of such an action does not preserve the lien as against other incumbrancers who are not made parties to such an action within the period of limitation.

MEMORANDUM.—Error from Sedgwick district court ; C. REED, judge. Action by The Farmers Loan and Trust Company against W. W. Dill and others to enforce a mechanic's lien. Judgment against Frank Wood, as trustee, etc. He brings the case .to this court. Reversed. The opinion herein, filed February 6, 1896, states the material facts.

*C. O. Erwin*, and *Sankey & Campbell*, for plaintiff in error.

*Campbell & Dyer*, for defendant in error The North and South Lumber Company.

The opinion of the court was delivered by

COLE, J. : This action· was originally commenced September 20, 1888, by the Farmers Loan and Trust Company of Kansas, in the district court of Sedgwick county, to foreclose a certain mortgage upon real estate belonging to W. W. Dill and Mattie J. Dill, which mortgage was executed and delivered May 2, 1887, and recorded May 28, 1887. The North and South Lumber Company, Elizabeth Buxton and J. R. Stone were made parties defendant. On October 9, 1888, the North and South Lumber Company filed its answer and cross-petition, in which it alleged that on or about the 10th day of February, 1887, the defendants Dill

entered into a contract with the North and South Lumber Company to furnish certain material for the erection and improvement of the premises described therein, and which premises were the same as those upon which foreclosure was sought. It further set forth the amount due and unpaid upon the contract for material, and alleged· the filing of the lien statement in the office of the district clerk of Sedgwick county and asked judgment for the balance due on the account, and that said judgment be declared a first lien upon the real estate therein described. The plaintiff below afterward filed a reply to the answer and cross-petition of the North and South Lumber Company, alleging the pendency of another action between the North and South Lumber Company as plaintiff, W. W. and Mattie J. Dill, Elizabeth Buxton and J. R. Stone as defendants, in the court of common pleas of Sedgwick county, involving the same matters that were set up in the answer and cross-petition of the North and South Lumber Company. On February 19, 1890, the North and South Lumber Company filed, by leave of court, an amended answer and cross-petition, alleging that on the 26th of April, 1888, and within one year after the completion of the building referred to in its original answer and cross-petition, it commenced an action in the district court of Sedgwick county against ·W. W. and Mattie J. Dill, as the owners of said real estate, and others as judgment creditors of the defendants Dill, for the foreclosure of its mechanic's lien upon said premises, and that the action was afterward transferred to the court of common pleas of Sedgwick county, where it was still pending and undetermined, and asking a consolidation of the two actions, in order that a complete determination of the issues involved might be had.

On April 19, 1890, Frank Wood, trustee, by leave of court, was made a party to this action and filed his answer and cross-petition therein, in which he admitted that the defendants Dill were the owners of the property in question, that they executed the note and mortgage sued upon by the plaintiff below, and had made default in payments due upon the same; that the North and South Lumber Company, Elizabeth Buxton and J. R. Stone claimed an interest in the mortgaged premises, but alleged that the interest of each of said parties was inferior to the lien of the mortgage set forth in the plaintiff's petition. He further alleged that as such trustee he was the owner of the notes and mortgage described in the plaintiff's petition, having purchased the same on the 6th of June, 1887; and admitted that the assignment then made to him of the mortgage was not placed of record until the 18th of November, 1889. He further alleged that, by reason of the default of defendants Dill, he was entitled to foreclose, and prayed for judgment for the amount due, and that said judgment be declared a lien upon the premises therein described superior to that of each and all the defendants. On November 11, 1890, the North and South Lumber Company filed a supplemental answer setting forth the fact of the rendition of judgment in the action which had been pending in the court of common pleas of Sedgwick county, wherein said North and South Lumber Company was plaintiff and W. W. and Mattie J. Dill were defendants, attached a copy of said decree as a part of said supplemental answer, and asked a priority of lien upon the real estate in controversy as against all the other parties to this action. This cause was tried to the court, a jury being waived, and resulted in a judgment declaring the claim of the

North and South Lumber Company to be a lien prior and superior to that of the mortgage of Frank Wood, trustee, and from such judgment the said Frank Wood, trustee, brings the case here for review.

There was but one real issue in the court below, and practically but one question is presented to this court for its decision, and that is the question of priority of lien as between Frank Wood, trustee, and the North and South Lumber Company. The record shows that the contract for furnishing material for erecting the building upon the premises of the defendants Dill was made prior to the giving of the mortgage of Frank Wood, trustee, and that in the action to foreclose the mechanic's lien of the North and South Lumber Company neither the Farmers Loan and Trust Company of Kansas, which was the original owner of said mortgage, nor Frank Wood, trustee, was made a party.

It is contended upon the part of the plaintiff in error that, as more than one year had elapsed between the time of furnishing the material by the North and South Lumber Company to Dill and the time when this action was commenced and when Frank Wood, trustee, was made a party thereto, the North and South Lumber Company cannot enforce said lien against the mortgage in question, for the reason that neither the original payee nor the present holder of said mortgage was made a party to the action brought by the North and South Lumber Company to foreclose its lien, nor were they in any manner brought into court to have their rights to the premises in question adjudicated until more than one year from the completion of the contract between the North and South Lumber Company and Dill; and that, therefore, the court erred in decreeing the lien of the North and

South Lumber Company to be superior to that of plaintiff in error.

We are of the opinion that the position of the plaintiff in error is correct. The statute in force with regard to mechanics' liens at the time of the contract in question was as follows :

"SEC. 633. Such lien may be enforced by civil action in the district court of the county in which the land is situated, which action shall be brought within one year from the time any new building, erection or improvement is completed.  .  .  .

"SEC. 634. In such action all persons whose liens are filed as herein provided, and other incumbrancers, shall be made parties, and issues shall be made and trials had as in other cases.  .  .  ."

"SEC. 636. In all cases where judgments have been or may hereafter be rendered in favor of any person or persons, to enforce a lien under the provisions of this act, the real estate or other property shall be ordered to be sold as in other cases of sales of real estate, such sale to be without prejudice to the rights of any prior incumbrancer, owner, or other person not parties to the action." (Ch. 80, Gen. Stat. 1885.)

The right to a mechanic's lien is purely statutory in its nature, and, where one desires to avail himself of such right, the provisions of the statute must be strictly complied with. We presume it will not be questioned that, where the statute prescribes a specific period of time within which an action may be maintained, such action may not be maintained after the expiration of the time stated, unless some exception appears in the particular case at issue. And as the statute above quoted fixes one year as the time within which an action may be maintained to enforce a mechanic's lien, when the year has expired, a person who relies upon such lien as a right would still possess the right without means of enforcement under

the statute. And if an action is commenced within the time prescribed by the statute, such action could only affect persons who were made parties thereto. If there were others, not made parties to such action, who had, or claimed, rights in the premises affected by the lien, such person or persons would have the right to rely on any defense to which they were legally entitled when brought into a court of competent jurisdiction. It was the evident intention of the statute that a person claiming a lien thereunder should have one year from the completion of his contract to enforce his claim against any and all persons shown by the records to have any interest in the premises upon which a lien was claimed, and it was also the evident intention of the statute that, if a person claiming such a lien did not see fit to avail himself of the privilege given thereby within the period of limitation contained therein, his right to insist upon an enforcement of his lien should cease as against all parties whom he failed to attempt an enforcement against within one year. In this case, at the time when the North and South Lumber Company commenced its action to enforce a lien upon the property in question, there appeared upon the records a mortgage to the Farmers Loan and Trust Company of Kansas. It is true that, at said date, said mortgage had been assigned to Frank Wood, trustee, and the Farmers Loan and Trust Company of Kansas had no interest therein. It is also true that the assignment to Frank Wood, trustee, was not recorded, but it plainly appeared of record that there was an incumbrance upon the premises, and it cannot be doubted that, if the Farmers Loan and Trust Company had been a party to such action and properly served, not only its rights could have been adjudicated, but a judgment in such action would have been bind-

ing upon its assignee whose assignment was not of record. It cannot be successfully contended that, by bringing the owner of the property affected into court, the statute of limitations would cease to run as to the mortgagee. Their interests were neither identical nor in common. As well might it be claimed that a payment by one of several makers of a promissory note would relieve the holder thereof from the bar of the statute in an action against other makers in favor of whom the period of limitation had run.

In *Smith v. Hurd*, 50 Minn. 503 (52 N.W. Rep. 922), the court made use of the following language, in deciding a question similar to the one here in issue :

"As to each defendant in an action, the action is commenced and is pending only from the time of service of the summons on him, or of his appearance without service ; and, where each may object that the action was not commenced within the time limited by statute, its commencement as to his objection is to be determined by the time of service on him, and not by the time of service on some other defendant. This is a rule applicable to every action, and applies as well to actions to enforce mechanics' liens as to any others. And any one who may defend against such a lien, who may show that for any reason it is not a lien as against his interest, may object that the lien had expired, or the remedy upon it been lost by lapse of time, before the action was commenced against him. This also is a rule applicable to every action. It amounts to just this : that when an action is commenced as to any defendant there must be an existing cause of action against him, and the right to a remedy upon it."

In the case of *Ballard v. Thompson,* 40 Neb. 529 (58 N.W. Rep. 1133), the supreme court of that state reaffirm the case of *Green v. Sanford*, 34 Neb. 363 (51 N.W. Rep. 967), in the following language :

"It is therein declared to be the plain meaning of

the statute, that the lien is preserved as against those persons only who are made parties to the suit prior to the expiration of the statutory period for enforcing it by action.''

The Minnesota statute, at the time of the decision first referred to, after providing for the filing of the lien, says :

''It shall operate as a lien until the expiration of two years after the completion of such skilled services or labor or the furnishing of such materials.''

And the Nebraska statute, under which the case of *Ballard v. Thompson* was decided, after providing for the manner of filing the statement of accounts in order to procure a lien, reads as follows :

'' Which account . . . shall, from the commencement of such labor or the furnishing of such materials, for two years after the filing of such lien, operate as a lien on the several structures and buildings· and the lots on which they stand.''

It is contended by counsel for the North and South Lumber Company that the statutes of Minnesota and Nebraska are so dissimilar to ours that the decisions of the courts of those states are not applicable in the construction of our statute.   Counsel argues that in those states the statute provides a period of limitation for the lien itself, and not for the remedy for the enforcement of such lien.   Conceding it to be true that the statutes of those· states do so provide, it still appears to us that the doctrine announced applies with the same force whether the statute provides that the lien itself shall terminate, or the right to enforce the same shall terminate, at a specific time.   Our statute provides :

'' When a right of action is barred by the provision of any statute, it shall be unavailable either as a cause

of action or ground of defense.'' (Gen. Stat. 1889, ¶ 4102.)

Under the different sections of the statute cited, it seems clear to us that the lien of defendant in error could not in this action be successfully pleaded, either as a cause of action or a defense, so far as the claim of Frank Wood, trustee, was concerned. The case of *Rice v. Simpson*, 30 Kan. 28, cited by counsel for defendant in error, does not, we think, go to the extent claimed by counsel; still it tends strongly to support the same line of reasoning as is adopted by courts with statutes somewhat similar to our own. It is contended by the North and South Lumber Company that the objection here raised by plaintiff in error cannot be considered, for the reason that the statute of limitations was not pleaded in the court below, and that the only objection which was made to the introduction of evidence was for the reason that the answer and cross-petition of the North and South Lumber Company did not state facts sufficient to constitute a cause of action. The position is not well taken. We are of the opinion that the defect complained of appeared upon the face of the pleadings filed by the North and South Lumber Company; that the manner in which the plaintiff in error was brought into the case, and the time at which he appeared as a party, taken in connection with the face of the pleadings, made the objection to the introduction of evidence the proper method of raising the question. We think the case comes fairly within the rule laid down in *Brown v. Mining Co.*, 32 Kan. 528, and also within the rule laid down in *Greer v. Adams*, 6 id. 203.

We deem it unnecessary to discuss any further questions raised by plaintiff in error. The judgment will be reversed, and the cause remanded, with in-

structions to the district court to render judgment in accordance with the views herein expressed.

All the Judges concurring.