## BIXEMAN v. WARREN et al.

No. 7060—Opinion Filed May 28, 1918.

(173 Pac. 443.)

**Limitation of Actions—Enforcement of Mechanics' Liens—Nonresident Purchaser.**

Where a nonresident purchases property after a statement for a mechanics' lien has been filed in the office of the clerk of the district court in the county where the property is located and her deed is duly placed upon record and no personal liability can be enforced against her, her absence from the state does not extend the time within which the lien may be foreclosed as provided by

section 3873, Rev. Laws 1910.

Error from District Court, Texas County; W. C. Crow, Judge.

Suit by Elizabeth Bixeman against U. J. Warren and others. Judgment for defendants adjudging them a mechanics' lien, and plaintiff brings error. Reversed, and cause remanded for a new trial.

William Edens and Wm. M. Clark, for plaintiff in error.

John L. Gleason, for defendants in error.

Opinion by HOOKER, C. Joe Bixeman and wife, in April, 1907, owned the real estate involved in this action, and in order to improve the same they bought material from the Warren Lumber Company, and upon their failure to pay therefor the company filed its lien in the proper office on January 7, 1908, and on January 25, 1909, suit was instituted to foreclose said lien by the company and against Joe Bixeman and wife, and on May 28, 1912, a judgment was rendered in said action in favor of the company and against said Bixeman and wife for the foreclosure of said lien and for a sale of the property. No appeal was taken from the judgment. Prior to the institution of said suit, to wit, on November 14, 1908, Joe Bixeman and wife sold and conveyed this property by warranty deed to one Elizabeth Bixeman, which deed was recorded on November 16, 1908, but for some reason she was not made a party to said foreclosure action instituted by the Warren Lumber Company in January, 1909. Some time after the rendition of the judgment in said action Elizabeth Bixeman instituted this suit to quiet her title to this property, and in the petition filed in said action she asserted that she was the owner of the property, and that her title thereto was superior to any right or claim of the Warren Lumber Company, or any of said defendants in said action. The answer of the defendants denied the allegations of the petition, and asserted the lien upon said property was to secure the payment of said materials purchased in 1908 by Joe Bixeman and wife, and sought to foreclose the same. And it was further claimed by said defendants that they had title to said property by virtue of a tax deed issued by the county treasurer of the county where said property was located. The reply put in issue the allegations of the answer, and also asserted that the lien of the defendants for material, if any, could not be foreclosed, inasmuch as the statute of limitation had barred the same. Upon the trial of said

cause, and also in this action here, the parties agreed that the tax deed issued was and is void, and that title cannot be relied upon by virtue thereof, as the plaintiff in error made legal tender to the treasurer of all taxes and penalties and interest before the deed was issued; and that the deed was issued under a mistake, so the consideration of that question may be eliminated here. It is further admitted that in the suit first filed by the Warren Lumber Company to foreclose its lien, wherein said judgment was rendered, Elizabeth Bixeman was not made a party to said action, and that she was not in any way bound by said judgment. It is also admitted that Elizabeth Bixeman was at the time she received the deed to said property, and at all times since has been, a nonresident of the state of Oklahoma. The trial court refused the plaintiff below the relief sought, and adjudged to the defendants a lien upon said property, upon the theory that the plaintiff was at all times a nonresident of the state; that her absence therefrom tolled the statute of limitation, which requires suit to foreclose a lien of this character to be instituted within one year.

The only question to be decided here is whether the absence from the state by the plaintiff below at all times tolled the statute of limitation. Section 3873, Rev. Laws 1910, is as follows:

"Any lien provided for by this chapter may be enforced by civil action in the district court of the county in which the land is situated, and such action shall be brought within one year from the time of the filing of said lien with the clerk of said court: Provided, that where a promissory note is given such action may be brought at any time within one year from the maturity of said note. The practice, pleading and proceedings in such action shall conform to the rules prescribed by the Code of Civil Procedure as far as the same may be applicable: and in case of action brought, any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed."

The answer in this action here was filed after the expiration of the one year provided for by section 3873, above quoted. Section 3878 of the same statute is as follows:

"If any lien shall be filed under the provisions of this chapter and no action to foreclose such lien shall have been commenced, the owner of the land may file his petition in the district court of the county in which said land is situated, making said lien claimants defendants therein, and praying for an adjudication of said lien so claimed,

and if such lien claimant shall fail to establish his lien, the court may tax against said claimant the whole, or such portion of the costs of such action as may be just; Provided, that if no action to foreclose or adjudicate any lien filed under the provisions of this chapter shall be instituted within one year from the filing of said lien, the clerk of the district court shall enter under the head of 'remarks,' in the mechanics' lien docket hereinbefore named, that said lien is canceled by limitation of law."

The plaintiff below was not the owner of said property at the time the materials were furnished, nor was she obligated in any way by contract to pay for same, as she purchased the property after the lien statement was filed. The property at all times was within the jurisdiction of the court, and the proceedings to foreclose the lien, as to Elizabeth Bixeman, was in rem, as no personal judgment could have been rendered against her. In Wood v. Dill, 3 Kan. App. 489, 43 Pac. 823, the Court of Appeals of Kansas said:

"It was the evident intention of the statute that a person claiming a lien thereunder should have one year from the completion of his contract to enforce his claim against any and all persons shown by the records to have interests in the premises upon which a lien was claimed; and it was also the evident intention of the statute that if a person claiming such a lien did not see fit to avail himself of the privilege given thereby, his right to insist upon an enforcement of his lien should cease as against all parties whom he failed to attempt an enforcement against within one year."

And on page 1265, Dassler's Kansas Civil Code, Ann. 1913, it is said:

"Section 22 of the Civil Code provides that, 'If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits and the time limited for the same shall have expired, the plaintiff or if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure' has application to actions for the foreclosure of mechanics' liens. It being, however, the evident intention of the statute that a person claiming a lien thereunder should have one year to enforce his claim against any and all persons shown by the records to have any interest in the premises upon which a lien is claimed, and also that if a person claiming such a lien did not see fit to avail himself of the privilege given thereby within such period of limitation, his right to insist upon an enforcement of his lien should cease as against all parties whom he failed to attempt an enforcement against within one year. * * *"

In Beebe et al. v. Doster, 36 Kan. 666, 14 Pac. 150, it is said:

"Absence from the state on the part of a tax deed holder will not prevent section 141 of the tax law from so operating as to bar any suit or proceeding brought against the tax deed holder or his heirs or assigns for the recovery of the property, or to defeat or avoid the tax deed, if such suit or proceeding is not commenced within five years from the time of the recording of the tax deed."

In the instant case the Warren Lumber Company should have foreclosed its mechanics' lien within a statutory time after the same was filed in the office of the clerk of the district court for the property was at all times within the jurisdiction of the court, and no personal liability could have been obtained in its favor against Elizabeth Bixeman by virtue of her purchase of this property. Summons by publication under the Code could easily have brought her constructively before the court sufficient to justify a foreclosure of its action against said property. Her absence from the state and the fact that she was a nonresident did not toll the statute so as to give to the defendant in error the right to foreclose this lien upon its property several years after the time had expired as provided for by the statute.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered: