No. 23,100.

MONTGOMERY COUNTY NATIONAL BANK, *Appellant,* v. HARVEY BACKUS, as Sheriff of Montgomery County, et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. JUDGMENT LIEN—*Land Levied Upon and Sold on Execution—Prior Mortgage Lien.* One holding a judgment lien on real estate may cause the land to be levied upon and sold on execution subject to a prior mortgage lien although the debtor may have previously conveyed the property to the mortgagee in satisfaction of the mortgage indebtedness.

2. MECHANIC'S LIEN—*Laches—Lien No Longer Enforceable.* A mechanic's lien not foreclosed within the time allowed by statute is no longer an enforceable lien.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed April 9, 1921. Affirmed.

*Sullivan Lomax,* of Cherryvale, for the appellant.

*Claude J. Bryant,* of Independence, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action the court refused to grant an injunction sought by the Montgomery County National Bank against Harvey Backus, as sheriff, to restrain him from selling real property under an execution.

The plaintiff was the owner of a first and a second mortgage executed on the property by the Dunlavys, and had acquired by assignment a mechanic's lien on the premises which had been filed in 1913, but had never been foreclosed. In 1914, after the execution of the mortgages, B. H. Uhrich and O. W. Uhrich obtained a judgment against the Dunlavys before a justice of the peace, an abstract of which was filed in the district court on March 12, 1914, and thereupon it became a lien upon the land. More than two years later the Dunlavys conveyed the land to the plaintiff as a compromise and settlement of their indebtedness to it, which it is said exceeded the value of the property. An execution on the Uhrich judgment was placed in the hands of the sheriff on March 20, 1918, which was levied upon the mortgaged property, and he advertised that he would sell the same in satisfaction of the judgment, subject to the mortgages of the plaintiff, but the sale was stopped by this injunction proceeding.

The only question presented is, May land subject to mortgages or other liens be sold on execution in satisfaction of a subsequent judgment lien? The statute expressly provides that an officer to whom an execution is delivered, if he can find no goods or chattels upon which to levy, may levy upon the lands of the debtor and if they are encumbered by mortgages or other liens, the execution is to be levied and the appraisement and sale made subject to such liens. (Gen. Stat. 1915, § 7349.) In making the levy and in giving notice of the sale the sheriff followed strictly the course prescribed by the statute. If the sheriff had attempted to sell the property free and clear of the mortgage liens, the remedy of injunction might have been available, but here the sheriff had given notice that no greater interest was to be sold than the debtor had in the property, that is, that it would be sold subject to prior enforceable liens, and this the statute authorized. (*Bowling v. Garrett,* 49 Kan. 504, 31 Pac. 135.) The defendants were not claiming priority over the mortgage liens and so far as the mechanic's lien acquired by the plaintiff is concerned, it was filed in 1913 and never having been foreclosed is not an enforceable obligation. (Gen. Stat. 1915, § 7565.) The fact that the property had been transferred to the holder of the liens did not avoid the judgment lien of the defendant nor prevent a sale of whatever in-

terest the debtor had in the property in satisfaction of the judgment. The plaintiff was not without remedy, as being a senior encumbrancer, he could have foreclosed his mortgages or have maintained an action against the defendant holding the junior lien, to compel him to redeem, and in that way have cleared plaintiff's superior claim. A senior mortgagee who obtains a deed from the owner of the mortgaged property is still a mortgagee with respect to third parties. (*Bank v. Bank.* 103 Kan. 865, 176 Pac. 658.)

The judgment of the district court is affirmed.