## FAIRBANKS–MORSE & CO. v. ALASKA PALLADIUM CO. et al.

Circuit Court of Appeals, Ninth Circuit.
April 15, 1929.

No. 5550.

A. H. Ziegler, of Ketchikan, Alaska (Robert W. Jennings, of San Francisco, Cal., of counsel), for appellant.

George B. Grigsby, Sherman Duggan, and Harry G. McCain, all of Ketchikan, Alaska, for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. The only question presented for decision on this appeal is one of priority between mortgage liens on mining property and labor liens under the laws of the territory of Alaska. Under the laws of that territory, a lien claim must be filed in the proper office within 30 days after the rendition of the services or the cessation of work, and no such lien shall bind any mining claim or other property for a longer period than 6 months after the same shall have been filed for record, unless suit be brought before a proper court within that time to enforce the same. Sess. Laws Alaska 1915, p. 29.

In this case, suit to enforce the labor liens was instituted within the statutory period, but the mortgagee was not made a party thereto. Suit was likewise instituted within the statutory period to foreclose the mortgages, and the assignees of the lien claims were made parties thereto, but the assignees took no steps in either suit to foreclose their liens *as against the mortgagee* until after the six-months period had elapsed. Under these facts, as found by the court below, and as otherwise appearing from the record, the liens became null and void as against the mortgagee. It was so held by this court in Continental & C. T. & S. Bank v. Pacific Coast Pipe Co., 222 F. 781, and D. W. Standrod & Co. v. Utah Implement-Vehicle Co., 223 F. 517, construing a similar statute of the state of Idaho.

The appellees contend, however, that these decisions are not controlling here, because the statute of limitations was not plead-

234

ed. But the statute in question is much more than a statute of limitations. As said by the court in Partee v. St. Louis & S. F. R. Co. (C. C. A.) 204 F. 970, 51 L. R. A. (N. S.) 721:

"A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. Such a statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by the commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability."

It appears from the record that the mortgaged mining property was sold during the pendency of the suit by order of court, for the sum of $4,500. For the reasons herein stated, the appellant has a first and prior lien on the proceeds of this sale, and the decree of the court below will be modified accordingly. As thus modified, the decree is affirmed.