No. 31,267

John M. Bell, *Appellant*, v. Elmer Henry Hernandez, Lizzie Hernandez, L. W. Servey and The Arkansas City Savings, Building & Loan Association, *Appellees.*

(30 P. 2d 1101.)

Opinion filed April 7, 1934.

*S. C. Bloss, George T. McNeish, Stewart S. Bloss,* all of Winfield, and *Henry S. Johnston,* of Perry, Okla., for the appellant.

*W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *William E. Cunningham,* all of Arkansas City, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action to foreclose a mortgage. From a judgment allowing claims superior to it plaintiff has appealed.

The facts, briefly stated, are as follows: In December, 1924, Hernandez and wife owned real property in Arkansas City which they mortgaged to a building and loan association. This mortgage is conceded to be a first lien on the property. About that time Hernandez purchased from the Clark Lumber Company materials of the value of $152, used to improve the property, for which the Clark Lumber Company filed a mechanic's lien statement with the

clerk of the district court on April 1, 1925, which was within the time provided by statute for the filing of such a lien. On April 8, 1925, Hernandez and wife, for value, executed to plaintiff their note for $500 and secured the same by a mortgage upon the property. This mortgage was duly recorded May 13, 1925, and is the mortgage which plaintiff seeks to foreclose in this action. In December, 1925, Hernandez and wife made an oral agreement with the Clark Lumber Company by which, in consideration of the Clark Lumber Company refraining from foreclosing its mechanic's lien, which would be expensive to both parties, Hernandez and wife gave the Clark Lumber Company full possession of the property, and it went into possession thereof under the agreement—

". . . that it was to remain possessed of the same and to rent, manage and control said property and such rentals as should be received were to be applied upon said indebtedness of Hernandez and wife and when and if the receipts from the same exceeded the expenditures on said property, to the extent of paying said balance due, the said property and possession thereof was to be restored to Hernandez and wife; if the receipts from said property failed so to do, the property to remain that of the Clark Lumber Company."

In August, 1926, L. W. Servey paid the Clark Lumber Company the amount due on its mechanic's lien, $160.27, and took an oral assignment thereof and of the rights of the Clark Lumber Company to the possession of the property under its oral agreement with Hernandez and wife, and Servey went into possession of the property and has since remained in possession. In May, 1927, Servey, having made other improvements on the property, obtained a warranty deed to the property from Hernandez and wife, giving them in turn a written memorandum—

". . . to the effect that he was to make more improvements on said premises and that if the said Hernandez and wife paid him one-half of the value of the same the first year thereafter and the remaining one-half the second year he (Servey) would deed said premises back, otherwise said deed to become absolute. . . ."

This deed was recorded June 9, 1927. Thereafter Servey made improvements upon the property at an expenditure of $1,862.97. He paid taxes for the years 1924 to 1930, inclusive, aggregating $453.60; he paid delinquent and current payments to the building and loan association amounting to $228.80; also an $18 insurance premium, making his total expenditures on the property $2,705.64. During that time he had received in rentals $260. The mechanic's lien of the Clark Lumber Company has never been foreclosed by an

action in court. The building and loan association is not asking to foreclose its mortgage. Since giving the mortgage to plaintiff, Hernandez and wife and the. plaintiff have been nonresidents of the state, and none of them has been within the state a total of one year since that time.

The trial court decreed that the mortgage to the building and loan association is a first and prior lien upon the premises and should be established as such; that subject thereto the lien of L. W. Servey is prior and superior in the sum of $2,576.24, and that the lien of plaintiff, in the sum of $553, is inferior to that of Servey. A decree was entered foreclosing Servey's lien and the lien of plaintiff, subject to the lien of the building and loan association.

The principal question here is the priority of liens, as between the plaintiff Bell, claiming under his mortgage, and the defendant Servey, claiming (1) under an oral assignment of the mechanic's lien statement of the Clark Lumber Company, made after the time for foreclosing that lien had expired, and (2) under an oral assignment from the Clark Lumber Company of its oral agreement with Hernandez and wife made in December, 1925, and (3) under his agreement with Hernandez and wife made in May, 1927, evidenced by a deed and a written memorandum; and expenditures he had made under these various agreements. This requires an examination of our statutes (R. S. 60-1401 to 60-1414) relating to mechanics' liens, previous decisions of this court, and other authorities, in so far as they are pertinent to the facts of this case.

Mechanics' liens, rights acquired under them, and procedure to obtain such rights, were unknown to the common law. (*Rice v. Brown,* 1 Kan. App. 646, 653, 42 Pac. 396; 18 R. C. L. 872; 40 C. J. 42.) They are conferred by statute alone, and one who obtains the benefit of the statute must be within the purview of the statute and pursue his remedy in the manner and within the time prescribed by statute. (*Doane v. Bever,* 63 Kan. 458, 65 Pac. 693; *Potter v. Conley,* 83 Kan. 676, 112 Pac. 608; 18 R. C. L. 926; 40 C. J. 365.)

One who furnishes material under such circumstances that he is entitled to a lien under the statute has a vested right to a lien, which the legislature cannot arbitrarily take away from him (*Weaver v. Sells,* 10 Kan. 609), but the lien must be preserved and enforced in accordance with statutes in force at the time the necessary proceedings are had for that purpose. The vesting of the lien is one thing and its enforcement is another. (*Groesbeck v. Barger,* 1 Kan. App.

61; *Nixon v. Cydon Lodge,* 56 Kan. 298, 303, 43 Pac. 236; *Fossett v. Lumber Co.,* 76 Kan. 428, 92 Pac. 833.) The filing of the lien statement is an important step in establishing the lien (*Nixon v. Cydon Lodge,* supra); also, the bringing of an action to foreclose it within the time provided by statute. "A mechanic's lien not foreclosed within the time allowed by statute is no longer an enforceable lien." (*Bank v. Backus,* 108 Kan. 779, 196 Pac. 1074.)

Appellee argues that it is not necessary to foreclose a mechanic's lien by an action in court; that it may be foreclosed by the agreement of the lien claimant and the owner of the property. We cannot agree to this view. Certainly the only way provided by statute for foreclosing a mechanic's lien is by an action in court brought within one year after the filing of the lien, unless a note was given, and in this case none was given (R. S. 60-1405), or brought within that time to adjudicate the liens (R. S. 60-1409). In an action to foreclose the lien all persons who had filed liens, and other encumbrancers, "shall be made parties" (R. S. 60-1406). This is an essential step in enforcing the lien. (*Bank v. Backus,* supra.) We find no decision of this court that a mechanic's lien can be foreclosed by any method other than by a civil action in the district court. Naturally, the owner of real property, generally speaking, may sell it or lease it to anyone he chooses and for such consideration and on such terms as he chooses to accept. If the property is encumbered by a mechanic's lien (or any other lien, for that matter), he may sell it or lease it to the holder of the lien, under such terms as may be agreed upon, which may be that he is released from further liability under the lien. But such a transaction is not the foreclosure of the lien. It is a private agreement between a debtor and a creditor binding as between them if fairly made, but not binding, of course, upon one not a party to it who had a vested interest in or lien upon the property. The statute (R. S. 60-1406) requires that other encumbrancers, which include a mortgagee, be made parties defendants in actions to foreclose mechanics' liens. His rights cannot be barred by a foreclosure to which he is not a party (*Wood v. Dill,* 3 Kan. App. 484, 43 Pac. 822, cited approvingly in *Sutherin v. Chesney,* 85 Kan. 122, 124, 116 Pac. 254; *Rice & Floyd v. Simpson,* 30 Kan. 28, 1 Pac. 311, cited approvingly in *Challis v. Hartloff,* 133 Kan. 221, 223, 299 Pac. 586, and *Thomas v. Hoge,* 58 Kan. 166, 48 Pac. 844), and certainly it cannot be done by an agreement between the property owner and

the lien claimant to which he was not a party and of which he had no knowledge.

In support of the view that a mechanic's lien may be foreclosed by agreement of the parties as well as by a civil action in the district court, appellee relies strongly on the decision of this court in *Bowling v. Garrett,* 49 Kan. 504, 31 Pac. 135. A few phrases in the first syllabus and in the opinion afford a little, but not much, foundation for that argument. That case may be shortly stated thus: Garrett had a mechanic's lien on real property owned by Cox which was being foreclosed by an action in the district court. The real property was encumbered by mortgages which were not in process of foreclosure. The Badger Lumber Company had an action pending against Cox on an account, no lien being claimed. At some time during the term of court Garrett and Cox had a settlement by which Cox conveyed the real property to Garrett, who agreed to release the mechanic's lien and to pay the mortgages, and later made part payment on the mortgages. Later in the same term of court the lumber company recovered judgment against Cox on its account, which judgment, by the terms of the statute (R. S. 60-3126), related back to the first day of the term of court and became a lien upon the real property owned by Cox at that time. The lumber company had execution issue on its judgment, which it levied on Cox's real property, and undertook to sell it free from the mechanic's lien which Garrett had agreed to release and the mortgages he had agreed to pay. Garrett enjoined that sale. Defendants demurred to the petition, the demurrer was overruled, and they appealed. What this court held was that it was proper for Cox and Garrett to make their agreement, but that such agreement could not affect the rights of the Badger Lumber Company; neither could the Badger Lumber Company get an advantage because of that agreement; that its judgment was a lien on the Cox land inferior to the liens which existed on it the first day of the term of court, and that the lumber company could not sell the land free from such lien, but could sell Cox's interest in it subject to such lien. This accords with the general rule above stated.

One section of our statute (R. S. 60-1409) authorizes the owner to bring an action to have liens adjudicated if an action to foreclose is not brought by the lien claimants, and specifically provides that if no action to foreclose or adjudicate the lien be brought within one year after it is filed "the clerk of the district court shall enter  . . .

in the mechanic's lien docket . . . that said lien is canceled by limitation of law." Taken as a whole our statutes clearly provide that the benefits of the lien are lost if an action to foreclose or adjudicate it is not brought within a year after the lien is filed. That was the holding of this court in *Bank v. Backus*, supra, and accords with authorities elsewhere. (See 40 C. J. 385, § 524.)

Appellee contends that the purpose of the foreclosure of a mechanic's lien is to get title against the owner, hence that it is not necessary to bring suit against the mortgagee within a year after filing the lien statement. We find nothing in the statute on which to predicate this argument. It is true the owner is a necessary party (*Lang v. Adams*, 71 Kan. 309, 80 Pac. 593) and, where the suit is brought by materialmen, laborers, or subcontractors, the contractor is a necessary party if he can be served, but if not, the owner can defend for him (R. S. 60-1406), hence it has been held the contractor may be made a party after the expiration of the year. (*Sash Co. v. Heiman*, 65 Kan. 5, 68 Pac. 1080.) There is some conflict in our decisions as to whether a mortgagee must be made a party within the year. In *Rice & Floyd v. Simpson*, supra, the mortgagee was not made a party until after the year had expired. His demurrer to the petition was sustained for that reason, and that ruling was affirmed by this court. In *Thomas v. Hoge*, supra, liens were foreclosed by an action in court and the real property sold without making the mortgagee party defendant. In an action subsequently brought to foreclose the mortgage it was held that the liens of the mechanics and materialmen may be asserted against the mortgagee after the expiration of the one year for foreclosing them against the landowner. In the opinion it was said:

"The action to enforce such lien, provided for by the mechanics' lien law, is for its establishment against the landowner—not against the mortgagee— and, though one year has elapsed without asserting it against the mortgagee, the right to do so nevertheless remains." (p. 170.)

The opinion disclosed divergent views of the court as to the ground upon which to base the opinion. This case was followed in *Blanshard v. Schwartz*, 7 Okla. 23, 54 Pac. 303, where the legislature had adopted our statute. We do not find it cited elsewhere on this point. It appears to conflict with *Rice & Floyd v. Simpson*, supra, and to be against the weight of authority. In *Paramount Securities Co. v. Daze*, 17 P. 2d 1049 (Cal.), a lumber company, on April 28, 1925, began furnishing materials to improve a property.

On May 15, 1925, the property was conveyed by a deed of trust to secure a loan, and the trust deed was recorded. Within the time provided by statute the lumber company sued to foreclose its lien, but did not make as parties defendant the trustee or beneficiary under the deed of trust. A sale of the property was had in this action. In a separate proceeding the sale of the property was had under the deed of trust. The headnote reads:

"As against title of purchaser at sale under trust deed, antecedent materialman's lien held barred where materialman, although bringing timely foreclosure action against owner, did not sue trustee or beneficiary under trust deed within statutory period."

In the opinion the following cases are cited, and some of them quoted from, in support of the conclusion reached: *Continental & C. T. & S. Bank v. Pacific Coast Pipe Co.*, 222 Fed. 781, 788, construing an Idaho statute; *Utah Implement-Vehicle Co. v. Bowman*, 209 Fed. 942; *D. W. Standrod & Co. v. Utah Implement-Vehicle Co.*, 223 Fed. 517; *Western L. & B. Co. v. Gem State Lum. Co.*, 32 Idaho 497, 185 Pac. 554; *Davis v. Bartz*, 65 Wash. 395, 118 Pac. 335; *Deming-Colborn etc. Co. et al. v. Union Nat'l etc. Ass'n*, 151 Ind. 463, 51 N. E. 936; *Ballard v. Thompson*, 40 Neb. 529, 58 N. W. 1133; *Fairbanks-Morse & Co. v. Alaska Palladium Co.*, 32 F. 2d 233. In the annotation, 75 A. L. R. 695, it is said (p. 708):

"Where the owner, contractor, mortgagee, or the like, is considered a necessary party to a suit to foreclose a mechanics' lien, but service is not had on such person, if at all, until after the expiration of the time for foreclosing such lien against him, the rule seems to be that the suit is not deemed commenced within the time limited by the mechanics' lien statutes." (Citing many cases, including *Rice v. Simpson*, 30 Kan. 28, 1 Pac. 311.)

However, for reasons later to be discussed, we shall not be required to determine this question on this appeal. From all the authorities touching the question this much can be said with certainty: When a mechanic's lien claimant sues to foreclose his lien and omits to make a mortgagee a party defendant, he can gain no advantage over the mortgagee by that action.

Appellee argues that since the mortgagee Bell was a nonresident, and absent from the state since the mortgage was given, the right of action of the lien claimant, the Clark Lumber Company, and its successor Servey, to foreclose the lien as against him was unaffected by the provision of the statute which required the action to be brought within a year, and remained intact until Bell sued to foreclose his mortgage, by virtue of R. S. 60-309, which briefly provides

that the general statutes of limitation provided in the code do not run as against a nonresident. We cannot concur in this view. It is true the writer of the opinion in *Thomas v. Hoge*, supra, expressed his individual view that section 21 of the civil code (now R. S. 60-309) applied to such a situation, but this view was not concurred in by the other justices and was not the judgment of the court. The absence of the mortgagee from the state was no reason to delay the bringing of the action to foreclose the mechanic's lien. The time within which to bring that suit is one of the provisions authorizing mechanics' liens and providing for their enforcement. The rights and remedies of the lien claimant are statutory. After the action to enforce the lien is brought, the practice, pleadings and procedure in such action shall conform to the civil code, in so far as it is applicable (R. S. 60-1405), but the time of bringing the action is not governed by the general provisions of the code (R. S. 60-301 *et seq.*) relating to the time of bringing civil actions. On this point appellee cites *Kirk v. Andrew,* 78 Kan. 612, 97 Pac. 797, which was an action on a note and to foreclose a mortgage. The action on the note was tolled because of the nonresidence of defendant, and it was held that since the mortgage was an incident to the note the action to foreclose the mortgage also was tolled. The case is not in point. The mortgagee, Bell, was not ·indebted to the lien claimant, the Clark Lumber Company, or its assignee, Servey. The action to enforce the lien, perhaps as to all parties, certainly as to the mortgagee Bell, would have been one in equity to foreclose a lien. Its situs was with the property, and it could have been maintained irrespective of whether Bell was a resident or a nonresident of the state. While the rights of the lien claimant are statutory, and to establish and enforce his lien he must bring himself within the statute (*Doane v. Bever* and allied cases, *supra*), in an action to enforce the lien equitable principles sometimes are applicable (*Shaw v. Stewart,* 43 Kan. 572, 23 Pac. 616; *Lumber Co. v. Arnold,* 88 Kan. 465, 129 Pac. 178; *Mercantile Co. v. Investment Co.,* 100 Kan. 597, 165 Pac. 279), but there is no reason to say that the fact the mortgagee was a nonresident should occasion any delay in bringing the action to enforce the lien.

Appellee argues that when Bell took his mortgage from Hernandez, April 8, 1925, he was bound to take cognizance of the mechanic's lien statement which had been filed with the clerk of the district court by the Clark Lumber Company on April 1, 1925. That must

be granted. But Bell also was bound to take cognizance of our statutes pertaining to such liens, and he had the right to rely, in part, at least, upon those provisions of the statute which required the lien claimant, if he desired to enforce his lien, to bring an action for that purpose within a year from the date it was filed, and if that were not done to have the clerk of the court make an entry on his docket "that said lien is canceled by limitation of law."

With this review of legal principles, let us return to the rights of the parties under the facts found. Since the Clark Lumber Company never foreclosed its mechanic's lien by an action in court, we might well hold that its lien was lost. But it is not necessary in this case to go that far, when the several agreements between the Clark Lumber Company and its assignee, Servey, on the one side and Hernandez and wife on the other are properly analyzed, even if we should give effect to the questionable holding of the court in *Thomas v. Hoge*, supra. Let us examine these agreements. The first of these was made in December, 1925, and by it the Clark Lumber Company was put in the possession of the property with authority to rent and control it and apply the rents upon the indebtedness of Hernandez to the Clark Lumber Company. That indebtedness was $152 at the time the lien statement was filed, April 1, 1925. Rents found to have been received amounted to $260, which is more than enough to pay this indebtedness with interest to the time of the trial of this action; hence, the amount due on the Clark Lumber Company lien has been paid, unless the Clark Lumber Company, or its assignee, Servey, has other charges they are entitled to make as against Bell. The agreement did contain the provision that the rents received by the Clark Lumber Company were to be applied upon the indebtedness of Hernandez and wife "when and if the receipts from the same exceeded the expenditures on said property." What expenditures on the property were then in contemplation of the parties is not disclosed by the terms of the agreement found, but we may assume that they included taxes and payments on the first mortgage to the building and loan association, since those items were claimed by Servey and taken into account by the court in the judgment rendered. These are not lienable items under the mechanic's lien statute (R. S. 60-1401). The Clark Lumber Company could not have paid them and added them to its lien statement and foreclosed a lien for them. As between the mortgagee Bell and Hernandez and wife it was their duty to pay those items. Had Hernandez and wife paid those items they

could not have claimed a lien for them prior to Bell's mortgage in a suit brought by him to foreclose it. When the Clark Lumber Company assumed to pay those things, if it did, it put itself in no better position with reference to them as to the mortgagee Bell than Hernandez and wife would have been, and it would have had no right to claim anything against Bell by reason of such payments, even had it brought its suit to foreclose its lien within the year. The next agreement was between Servey and Hernandez and wife in May, 1927, evidenced by a deed and a written memorandum, which in this action has been treated as tantamount to a mortgage. Had Servey taken a mortgage on the property at that time it necessarily would have been subject and inferior to Bell's mortgage executed April 8, 1925, and recorded soon thereafter. His rights as against Bell under that agreement are no greater than those of any other subsequent mortgagee.

Lastly, appellee suggests that he is entitled to a lien under the occupying claimant's act for the improvements he made on this property under his agreement with Hernandez and wife. We see no grounds on which that claim can be sustained.

From what has been said it necessarily follows that whether we view this case in the light of the legal principles hereinbefore discussed, or under a proper construction of the facts found, any lien Servey has on this property is subject and inferior to that of the plaintiff Bell under his mortgage.

The judgment of the court below will be reversed with directions to enter judgment in accordance with these views. It is so ordered.