No. 47,891

KENNETH BOYCE, *Appellee,* v. VIRGIL D. KNUDSON and EILEEN KNUD-
SON, *Appellees,* (HIGHLAND LUMBER COMPANY, INC. and MEYER
LUMBER & HARDWARE COMPANY, INC., *Appellants*), consolidated
with TRI-STATE CONCRETE, INC., *Appellee,* v. KENNETH BOYCE,
*Appellee.*

(548 P. 2d 712)

Opinion filed April 10, 1976.

*Robert A. Reeder,* of Troy, argued the cause, and was on the brief for the
appellants.

*Harry E. Miller,* of Finley, Miller, Cashman, of Hiawatha, argued the
cause, and was on the brief for the appellees Virgil D. Knudson and Eileen
Knudson.

*Robert L. Gernon,* of Gernon & Gernon, of Hiawatha, argued the cause,
and was on the brief for the appellee Tri-State Concrete, Inc.

The opinion of the court was delivered by

SCHROEDER, J.: This action was initiated by a builder to foreclose a lien. Proceedings after trial of the foreclosure action involve motions for implementation of the judgment by lien creditors, who were never parties to the action, because of certain provisions in the judgment for their benefit. Appeal has been perfected by these non-party lien creditors from an order of the trial court refusing to give them favorable relief.

In June of 1971 Kenneth Boyce (plaintiff-appellee) contracted with Virgil and Eileen Knudson (defendants-appellees) to build two hog houses on the Knudsons' farm. The Knudsons agreed to pay $4,600 for concrete work on one hog building. Boyce also orally contracted to build a small hog building for $1,150. When the first hog house was completed, Knudson paid Boyce $4,600. Knudson refused to pay the $1,150 for the other building because the Meyer Lumber Company, Inc., (appellant herein) and Tri-State Concrete, Inc., (appellee herein) wanted money for materials supplied.

On September 7, 1971, Boyce sought to foreclose a lien against Knudson alleging numerous changes and delays increased the cost from the contract price of $4,600 and $1,150 to $13,861.69.

In the meantime, on August 18, 1971, a lien was filed in the Brown County District Court by Highland Lumber Company, Inc., (the other appellant herein) for materials supplied in the sum of $1,903.34. On September 10, 1971, a lien was filed in the Brown County District Court by Meyer Lumber Company, Inc., (hereafter Meyer) for materials supplied in the sum of $899.89. *No foreclosure actions were filed on these two liens and the amounts owing thereon were not determined by the court.*

On June 26, 1972, the trial court's findings of fact and conclusions of law in Boyce's suit against the Knudsons, Case No. 13,777, were announced and filed.

The decision was made effective upon the filing of the original findings of fact and conclusions of law in the office of the Clerk of the District Court of Brown County. The findings and conclusions pertinent to this appeal read:

"8. A mechanics lien has also been filed in the District Court of Brown County, Kansas, upon the real estate of the defendants by the Highland Lumber Company, Incorporated, Highland, Doniphan County, Kansas, in the sum of $1,903.34.

"9. A mechanics lien has also been filed in the District Court of Brown County, Kansas, upon the real estate of the defendants by Meyer Lumber and Hardware Company of Horton, Brown County, Kansas in the amount of $899.89.

"10. No foreclosure actions have been filed on these last two liens and the amounts owing thereon have not been determined by the Court.

"11. The plaintiff is given judgment against the defendants in the amount of $1,150.00, and the defendants are ordered to pay said sum to the Clerk of the District Court of Brown County, Kansas. This money will be used to pay the two mechanics liens filed against the real estate of the defendant when the amounts are determined, and any money remaining after the payment of these liens will be paid by the Clerk of the District Court of Brown County, Kansas, to the plaintiff. If said $1,150.00 is not paid within 30 days, then the plaintiff's mechanic lien is foreclosed and the real estate sold as provided by law."

On May 2, 1973, the trial court filed its journal entry which recited the following:

"It is therefore, by the court, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the plaintiff is given judgment against the defendants in the amount of $1150.00 and defendants are ordered to pay said sum to the Clerk of the District Court of Brown County, Kansas, which sum has been paid and said sum is to be applied on the mechanics' liens filed by the Highland Lumber Company, Inc., Highland, Doniphan County, Kansas in the sum of $1903.34 and by the Meyer Lumber & Hardware Company of Horton, Brown County, Kansas in the sum of $899.89, when said amounts of said liens are determined."

Boyce's motion for a new trial was denied, and no appeal was taken from the trial court's judgment.

On January 11, 1973, Highland Lumber Company, Inc., filed an action against Virgil D. Knudson and Kenneth Boyce in the District Court of Doniphan County, Kansas, alleging that an agency relationship existed between Knudson and Boyce. This matter was litigated and determined adversely to Highland. (See, *Highland Lumber Co., Inc., v. Knudson,* 219 Kan. 366, 548 P. 2d 719.)

On June 5, 1973, in Case No. 13,833, Tri-State Concrete, Inc., took a default judgment in the Brown County District Court against Kenneth Boyce in the amount of $4,094.65, plus interest. On July 31, 1973, Tri-State moved to apply the $1,150 in Case No. 13,777, *Kenneth Boyce v. Virgil D. Knudson and Eileen Knudson,* to their judgment in Case No. 13,833, *Tri-State Concrete, Inc. v. Kenneth Boyce.*

The appellants, Meyer and Highland, countered by filing motions for implementation of judgment in Case No. 13,777 pursuant

to K. S. A. 60-264. But it was almost two years after Meyer filed its lien on September 10, 1971, that Meyer on August 14, 1973, filed its motion for implementation of judgment which alleged "acting pursuant to said judgment, and in reliance thereon, Meyer Lumber & Hardware Company of Horton, Kansas, allowed its lien to expire by failing to foreclose said lien within the time allowed."

It was over two years after Highland filed its lien on August 18, 1971, that Highland on September 10, 1973, filed a similar motion for implementation of judgment. In addition, Highland alleged that Harry Miller, counsel for the Knudsons, repeatedly assured Highland they would be paid, and that in consideration thereof Wilbur D. Stewart had appeared as a witness in Case No. 13,777.

The appellants in their brief state:

"The Record is abundantly clear that in the trial of Case No. 13,777, an order had been made in favor of the appellants. The Record is equally clear that neither of the appellants were ever, in any way, notified of the judgment or order made in their favor nor were they notified of the filing of a motion for a new trial or of the subsequent overruling and denying thereof, approximately one (1) year later. The first notice which appellants had of the action taken by the trial court in their behalf was the "Motion to Apply Money Held by Clerk of the District Court to Judgment", filed July 31, 1973, by Tri-State Concrete, Inc., plaintiff in Case No. 13,833 in the District Court of Brown County, Kansas. The motions for implementation of judgment followed promptly. . . ."

On September 11, 1973, the Bank of Horton moved to intervene because it had a security agreement covering accounts owed by Knudson to Boyce. Chester C. Ingels, District Court Judge of the 22nd Judicial District then disqualified himself because of stock interests in the Bank of Horton. The Honorable Lewis L. McLaughlin, District Court Judge of the 21st Judicial District was then appointed judge (pro tem) to hear the cases "pending" in the Brown County District Court. On February 27, 1974, this motion to intervene was denied by the judge (pro tem) because it was not timely filed.

On April 29, 1974, the appellants Meyer and Highland, filed a request for admissions pursuant to K. S. A. 1975 Supp. 60-236 which asked the appellee to admit that Harry Miller, counsel for the Knudsons, stated to representatives of the appellants that the liens would be paid, and that all facts essential to the adjudication of the liens had been established. On May 23, 1974, the Knudsons filed a motion to strike the request for admissions because there was no "pending action" as required by K. S. A. 1975 Supp. 60-226 and K. S. A. 1975 Supp. 60-236.

On July 3, 1974, the trial judge (pro tem) sustained by letter to counsel the motion to strike the request for admissions in advance of the hearing on the motions for implementation of judgment. The reason assigned was that the findings of fact and conclusions of law filed by the court on June 26, 1972, and made a part of the journal entry by reference, which was filed May 2, 1973, had become finally adjudicated and the time for appeal had expired. By reason thereof he concluded "There is no pending action as required by the statutes respecting admissions and other discovery procedures."

On July 10, 1974, the trial judge (pro tem) heard the motion of Tri-State Concrete to apply money paid in a judgment on Case No. 13,777 to a judgment in Case No. 13,883; and also a motion of the appellants, Meyer and Highland, for implementation of judgment in Case No. 13,777. After hearing the court overruled the appellants' motions and sustained the motion of Tri-State Concrete to apply moneys paid on the judgment in Case No. 13,777 to the judgment in Case No. 13,833. In doing so the journal entry discloses the trial judge (pro tem) made the following findings:

"1. That at the time the original findings of fact and conclusions of law were entered in the case of Keneth Boyce vs. Virgil D. Knudson and Eileen Knudson, in the District Court of Brown County, Kansas, Case No. 13,777, there were some two months or more remaining in which the foreclosure actions could have been brought.

"2. The foreclosure actions were not brought within the statutory period of time and the conclusions of law stated in the decision of Case No. 13,777 became effective upon the filing of the original of the findings of fact on June 26, 1972. The Journal Entry therein provided that the money would be paid into the court to be applied on the mechanics' liens filed by Highland Lumber Company and Meyer Lumber Company of Horton, 'when the said amounts of the liens had been determined'.

"3. The Highland Lumber Company and the Meyer Lumber Company both admit that they have allowed their claims to expire by failing to file an action in foreclosure of their liens within the time permitted by statute, and no appeal has been taken from the Journal Entry filed in Case No. 13,777 within the statutory time period.

"4. There was sufficient time after the court's order in which to bring the foreclosure actions.

"5. The liens were not foreclosed. . . ."

The appellants devote much of their brief to discussing requests for admissions and motions for implementation. However, the appellants' rights against the Knudsons are founded upon the materials supplied to the Knudsons, and are controlled by the statutes pertaining to liens for labor and materials, K. S. A. 1975 Supp.

60-1101, *et seq.* The lien statutes have a specific period for enforcement. K. S. A. 60-1105 (*a*) provides:

"An action to foreclose a lien under this article shall be brought within one year from the time of filing the lien statement. . . ."

When liens are not timely perfected pursuant to K. S. A. 60-1105 (*a*), K. S. A. 60-1108 provides a statutory remedy. It provides:

". . . If no action to foreclose or adjudicate any lien filed under the provisions of this article shall be instituted within the time provided in section 60-1105 (*a*) the clerk of the district court shall enter under the head of 'Remarks,' in the mechanic's-lien docket hereinbefore named, that said lien is canceled by limitation of law."

In construing the mechanics' lien statutes in *Sutherland Lumber Co. v. Due,* 212 Kan. 658, 512 P. 2d 525, the court held mechanics' liens are statutory in origin and one who claims the benefit of such a lien has the burden of bringing himself within the purview of the statutes which create them. Our prior mechanics' lien statutes have been so construed. (See, G. S. 1949, 60-1405; L. 1909, ch. 182, § 653; May 29; R. S. 1923, § 60-1405.) In *Clark Lumber Co. v. Passig,* 184 Kan. 667, 339 P. 2d 280, the court stated:

"Equitable considerations do not ordinarily give rise to a mechanic's lien. (For an exception see the recent case of *Adair v. Transcontinental Oil Co.,* 184 Kan. 454, 338 P. 2d 79.) Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. It has been said a lien claimant must secure a lien under the statute or not at all. (*Doane v. Bever,* 63 Kan. 458, 65 Pac. 693.) . . ." (p. 673.)

In *Bell v. Hernandez,* 139 Kan. 216, 30 P. 2d 1101, the court stated:

"Mechanics' liens, rights acquired under them, and procedure to obtain such rights, were unknown to the common law. . . . They are conferred by statute alone, and one who obtains the benefit of the statute must be within the purview of the statute and pursue his remedy in the manner *and within the time prescribed by statute.* . . .

". . . 'A mechanic's lien not foreclosed within the time allowed by statute is no longer an enforceable lien.' (*Bank v. Backus,* 108 Kan. 779, 196 Pac. 1074.)" (pp. 218, 219.) (Emphasis added.)

We think the conclusion is inescapable that the liens filed by the appellants herein lost their force by failure of the appellants to foreclose them within one year from the time of filing.

Although citations from other jurisdictions are of questionable value in mechanic's lien cases because of the varying state statutes (*Gaudreau v. Smith,* 141 Kan. 123, 125, 40 P. 2d 365), it is normally held that where the statute defines the duration of the lien and suit is not brought within that time, the lien expires irrespective of

alleged agreements or waivers to the contrary. (53 Am. Jur. 2d, Mechanics' Liens, § 358, p. 882; Annot., 139 A. L. R. 903, 912 [1942]; and 57 C. J. S., Mechanics' Liens, § 282b, p. 890.)

The district court impliedly recognized the lien statutes in its June 26, 1972, decision wherein the findings of fact and conclusions of law regarding *Boyce v. Knudson*, No. 13,777, recited in part:

". . . This money will be used to pay *the two mechanics liens* filed against the real estate of the defendant *when the amounts are determined.* . . ." (Emphasis added.)

After the June 26, 1972, decision setting forth the findings of fact and conclusions of law, the appellants still had approximately two months to perfect their lien. The journal entry later filed in the district court also recited that the money would be paid to the appellants *"when said amounts of said liens are determined."* The judgment became final, no appeal ever having been taken by anyone.

The appellants argue (without citation) the appellees are estopped by the conduct of counsel to deny the liens or to assert the failure of the appellants to timely foreclose their liens. In the enforcement of mechanics' liens courts apply equitable as well as legal principles when the circumstances justify or require that to be done. (*Gaudreau v. Smith*, supra at 124; and *Bell v. Hernandez*, supra at 223.) Thus equitable principles allow misdescriptions in lien statements to be corrected where the parties are not misled and third parties have not intervened. (See, *Gaudreau v. Smith*, supra, and cases cited therein.) However, in *Bell v. Hernandez*, supra, equitable principles did not toll the one year statute of limitations for foreclosure of mechanics' liens. Further in *Clark Lumber Co. v. Passig*, supra, the court stated:

". . . The vitality of a lien created solely by statute depends on the terms of the statute, and parties may not by estoppel enact or enlarge a statute. (*Spalding Lumber Co. v. Slusher*, 121 Kan. 155, 246 Pac. 999; and see cases cited therein.)" (p. 673.)

We think the trial court properly applied the above rules to the facts in this case. The equitable considerations urged by the appellants are not sufficient to enlarge the clear statutory language of K. S. A. 60-1105 (*a*) and K. S. A. 60-1108 regarding the requirement that an action be filed to foreclose the lien within one year from the time of filing the lien statement. The trial court's order indicated the money held by the trial court was to be applied "when said amounts of said liens are determined." When those liens were not timely determined, they were no longer enforceable and the trial

court did not err in ordering the money to be applied to the judgment in Case No. 13,833, *Tri-State Concrete, Inc. v. Boyce.*

It is unnecessary in this appeal to determine whether the trial court was correct in making provision for satisfaction of the appellants' liens under the conditions stated in Case No. 13,777, and our opinion should not be construed as passing upon this point.

In regard to the motions to implement the judgment in Case No. 13,777, which the appellants relied on in permitting their liens to expire (despite admissions in their brief to the contrary), it need only be said the liens had expired long before their motions were filed. The judgment in Case No. 13,777, did not purport to foreclose the mechanics' liens. The judgment which recited an interest of the appellants as lien claimants was subject to a condition which the appellants failed to pursue by permitting their liens to expire.

The appellants support their request for admissions pursuant to K. S. A. 60-236, as amended, (which permits a party to serve upon any other party a written request for the admission, "for purposes of the pending action only," of the truth of any matters relevant to the subject matter in the pending action) on the ground that *Boyce v. Knudson*, Case No. 13,777, in the District Court of Brown County was a "pending" action when their motions for implementation were filed in the case. The appellants argue that until their rights under and pursuant to 60-264, *supra*, are finally determined and adjudicated, Case No. 13,777 remains a pending action.

Admissions requested by the appellants sought to elicit that all facts essential to an adjudication of their liens were established at the hearing in case No. 13,777, even though their liens were never foreclosed. By this maneuver the appellants were attempting to enlarge the clear language of K. S. A. 60-1105 (*a*) and K. S. A. 60-1108, which permit only one year to foreclose the liens. Since the liens were no longer enforceable and the judgment in case No. 13,777 had become final, the appellants had no "pending action" as defined in 60-236, *supra*, in which to pursue discovery by requesting admissions.

K. S. A. 60-264, pursuant to which the appellants filed their motions for implementation of the judgment, reads:

"Process in behalf of and against persons not parties. When an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a party; and, when obedience to an order may be lawfully enforced against a person who is not

a party, he is liable to the same process for enforcing obedience to the order as if he were a party."

We are cited to no Kansas cases and our research discloses none construing 60-264, *supra*. Rule No. 71 of the Federal Rules of Civil Procedure is identical, and it has been given only limited application. In 35B C. J. S., Federal Civil Procedure, § 1108, p. 490, the general rule is stated as follows:

"Generally, a judgment cannot properly be rendered for or against or so as to affect one who is not a party to the action or one who is not actually or constructively before the court, but an exception may exist in the case of class or representative actions and a judgment strictly in rem may bind strangers."

The nearest federal case to our situation appears to be *Deering-Milliken & Co. v. Modern-Aire of Hollywood*, 231 F. 2d 623 (9th Cir. 1955). There the court held:

"Where United States was not a party to government contractor's action against third person for breach of alleged contract to sell goods to contractor for use in fulfilling government contract, trial judge, who rendered judgment for contractor against third person, had no authority to direct that a portion of recovery be held for use and benefit of United States." (Syl. ¶ 9.)

Federal Rule No. 71 does not undertake to say when an order can be made in favor of or against a person not a party. (Wright & Miller, Federal Practice and Procedure, Civil § 3031, p. 80.)

The judgment of the lower court is affirmed.