(604 P.2d 82)
No. 51,185

STATE OF KANSAS, *Appellant,* v. GREGORY PATMON, DOROTHEA PETTY, DEBORAH TURNER, RICKEY DUDLEY, and ROSA THOMPSON, *Appellees.*

Opinion filed December 28, 1979.

*Keith R. Lyman,* assistant county attorney; *Michael E. Francis,* county attorney; and *Robert T. Stephan,* attorney general, for appellant.

*Carl E. Cornwell,* of Kansas City, for appellees.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: This is an interlocutory appeal brought by the State from an order quashing a search warrant and suppressing evidence.

The Junction City Police began photographic surveillance of premises located at 427 West Eighth Street on November 14, 1978, upon receiving a letter from a local attorney indicating his belief that drug transactions were occurring there. A search warrant was obtained on November 25, 1978, to search the southwest apartment at 427 West Eighth for drugs and paraphernalia based on activities observed at the front door and first floor window of the downstairs apartment. Officers went to the residence and observed defendant Dudley in the outside doorway. The officers forced the outside door open with a sledgehammer and observed defendants Dudley and Thompson on the stairway. There were apartments on both levels of the building, which was not known by officers before entering. Dudley told officers he lived upstairs and downstairs and defendant Thompson also stated she lived

there. Evidence was seized. Defendants filed a motion to suppress arguing that the warrant did not state with particularity the premises to be searched. The motion was sustained after hearing and the State brings this interlocutory appeal.

The issue as stated by appellees (defendants) is whether or not a search warrant directed against a multiple occupancy structure will be held invalid if it fails to describe the particular room or subunit to be searched with sufficient definiteness to preclude a search of other units.

The Fourth Amendment to the United States Constitution and Section Fifteen of the Bill of Rights of the Kansas Constitution prohibit warrants which, among other things, fail to particularly describe the place to be searched.

The Kansas Supreme Court, in *State v. Gordon,* 221 Kan. 253, Syl. ¶ 7, 559 P.2d 312 (1977), applied this constitutional protection to searches of multiple occupancy units. It was therein stated:

"A search warrant directed against a multiple occupancy structure generally will be held invalid if it fails to describe the particular room or subunit to be searched with sufficient definiteness to preclude a search of other units."

There are several exceptions and qualifications to the general rule, three of which appellant argues as being applicable to the present situation: (1) common occupancy; (2) entire premises as suspect; and (3) multi-unit character of premises is not known or apparent.

We conclude that the second exception would not apply in the instant case since all of the activity described as the basis for the search warrant involved the front door and the window to the first floor apartment. Prior to executing the warrant there was no information which would lead the officers to suspect that the second floor apartment was involved.

With reference to the common occupancy exception, when questioned by the officers after entry into the hallway, defendant Dudley informed officers that he lived upstairs and downstairs. At that time when similarly questioned, defendant Thompson merely stated that she lived "there." The record contains no evidence that she was asked as to what "there" meant; there was no proof of who owned the building, who paid the rent on the apartments, or who paid the utilities. The only evidence in this case which would support a common occupancy theory is what

was said by these two defendants. Furthermore, this was not a situation where there were several rooms within an apartment, but rather two separate and distinct apartments, each with its own door, on different floors, but leading to a common entryway.

The cases cited to us, and those we have found, which deal with the particularity requirement exception, either have ruled in favor of suppressing the search warrant or have been cases in which the police took great pains investigating the nature of the structure before the warrant was issued.

Basically, the exceptions have been recognized when it was unreasonably difficult for the police to ascertain the multi-unit character of the building before execution of the warrant. There was no showing by the police of any investigation into the multi-unit character of the building. See *United States v. Davis,* 557 F.2d 1239 (8th Cir.), *cert. denied* 434 U.S. 971 (1977); and *United States v. Gusan,* 549 F.2d 15 (7th Cir.), *cert. denied* 430 U.S. 985 (1977), which revealed extensive investigation by the police.

"On a motion to suppress illegally seized evidence . . . the burden of proving that the search and seizure were lawful shall be on the prosecution." *State v. Youngblood,* 220 Kan. 782, Syl. ¶ 1, 556 P.2d 195 (1976).

As was stated in the trial judge's reasoning in granting defendants' motion to suppress:

"Whether or not the officers might have been able to ascertain what the interior structure was from the owner or from a city directory, or perhaps from its own files in the police department, had they checked, is unknown to the court. Because, other than having some argument about it, the court has no evidence to support that one way or the other."

The court went on to note that there was no showing that the police had done everything reasonably within their power to ascertain the nature of the structure to be searched and stated the law required them to do so. We think the court's reasoning was sound in stating that any other rule would tend to promote inactivity on the applying agency's part in order to justify an overly broad warrant. We thus conclude the warrant was void for lack of particularity.

The trial court made what is known as a negative finding to the effect that the party upon whom the burden of proof was cast (in this case the State) did not sustain the requisite burden of showing the search and seizure to be lawful.

The rule regarding negative findings was stated in *Highland Lumber Co., Inc. v. Knudson,* 219 Kan. 366, Syl. ¶ 5, 548 P.2d 719 (1976):

"Absent arbitrary disregard of undisputed evidence or some extrinsic considera-tion such as bias, passion or prejudice the finding of the trial judge cannot be disturbed. An appellate court cannot nullify a trial judge's disbelief of evidence nor can it determine the persuasiveness of evidence which the trial judge may have believed."

In considering this case it is important to note that this was a two-story building, with four doors to the north side thereof, and one door on the side entered by the officers. Furthermore, the search warrant identified the apartment as the "southwest apart-ment." It is apparent that both apartment No. 9 and apartment No. 10 were southwest apartments—one on the bottom floor, the other on the second floor. We note the court's negative finding that the officers did very little, if anything, to ascertain what apartment the defendants lived in. Thus the State cannot rely on any of the exceptions to the particularity requirements.

Because the warrant was invalid in that it did not describe, with particularity, the premises to be searched, it follows the trial court was correct in suppressing the warrant and the evidence obtained by its use.

Affirmed.