No. 66,590

JESSICA M. SIMON, a minor child by and through her mother and natural guardian, HATTIE FILLENWARTH, *Plaintiff/Appellee*, v. STEPHEN J. BAZZANO, D.O., *Defendant/Appellee.*

KANSAS INSURANCE GUARANTY ASSOCIATION, *Appellant.*

(829 P.2d 576)

Opinion filed April 10, 1992.

*Stuart Messer*, of Glenn, Cornish, Hanson & Karns, Chartered, of Topeka, argued the cause, and *Douglas N. Ghertner*, of Field, Gentry & Benjamin, of Kansas City, Missouri, was with him on the briefs for appellant.

*Timothy A. Short*, of Spigarelli, McLane & Short, of Pittsburg, argued the cause and was on the brief for plaintiff/appellee.

The opinion of the court was delivered by

MCFARLAND, J.: This appeal arises out of the settlement of a medical malpractice action. Defendant Stephan J. Bazzano is an osteopathic physician practicing in Galena. He is a Missouri resident but a licensed Kansas health care provider.

On March 28, 1986, Bazzano allegedly misdiagnosed the cause of the illness of plaintiff Jessica M. Simon, age three months, who was permanently damaged by her failure to receive proper treatment. A medical malpractice action was filed in July 1987. On March 18, 1991, with the approval of the district court, the case was settled for $900,000. The Kansas Health Care Stabilization Fund appeared at and participated in the settlement proceedings. It is apparently undisputed that the Fund is responsible for payment of $700,000 of the judgment.

This appeal concerns liability for payment of the first $200,000 of the judgment. The district court's journal entry provides:

"The Court further finds that based upon representations made by counsel, that the Kansas Insurance Guaranty Fund and the Missouri Insurance Guaranty Association have joint and several liability for the Two Hundred Thousand Dollar ($200,000.00) primary coverage for the defendant. The Court further finds that the Kansas Insurance Guaranty Fund and the Missouri Insurance Guaranty Association have a dispute concerning the proportionate share each is to pay."

The Kansas Insurance Guaranty Association (KIGA) is the appellant herein. KIGA contends: (1) Under K.S.A. 40-2910(b) the Missouri Insurance Guaranty Association (MIGA) is primarily liable for the $200,000 coverage and that, accordingly, it was error for the district court to hold KIGA and MIGA jointly and severally liable therefor; and (2) K.S.A. 40-2915 precludes any entry of judgment against KIGA.

We do not reach the merits of the appeal herein as there is a jurisdictional mountain that KIGA has failed to ascend. KIGA is not now, nor has it ever been, a party to this action. The record in this case is confined to the malpractice action between the patient and health care provider, with the Health Care Stabilization Fund participating in the settlement. A number of extrajudicial documents and allegations are present in the briefs, indicating that Bazzano's professional insurance carrier, Professional Mutual Insurance Company, became insolvent after the filing of the action herein, which resulted in KIGA becoming actively involved in the defense of the action. However, KIGA never intervened in the action and, either through plan or inadvertence, left no tracks in the record of its involvement other than a nonparticipating presence at the settlement hearing.

KIGA asserts that K.S.A. 60-264 affords it the right to appeal herein. The statute provides:

"When an order is made in favor of a person who is not a party to the action, he or she may enforce obedience to the order by the same process as if he or she were a party; and, when obedience to an order may be lawfully enforced against a person who is not a party, he or she is liable to the same process for enforcing obedience to the order as if he or she were a party."

The Advisory Committee Notes on the statute state:

"This section follows Federal Rule 71. It will avoid considerable complicated procedure when applicable.

"The section does not designate in what instances court process is to be used for or against nonparties. Examples of the use of process for nonparties would be, enforcement of restraining orders and injunctions against nonparties in privity with parties; writs of assistance for the purchaser at a foreclosure to get possession of the property, or the charging of costs against witnesses who obstruct discovery process. Another example is found in Woods v O'Brien, 78 F Supp 221, where a tenant, who was adversely affected by his landlord's violation of an injunction, was permitted to institute contempt procedure.

"**Variations from Federal Rule.**—This section is the same as Rule 71 of the Federal Rules of Civil Procedure." Gard's Kansas C. Civ. Proc. Annot. § 60-264 (1963).

To the same effect, see the author's commentary in 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-264 (1979).

*Boyce v. Knudson,* 219 Kan. 357, 548 P.2d 712 (1976), is the only Kansas appellate decision involving K.S.A. 60-264. *Boyce* originated as a mechanic's lien foreclosure action. After judgment, certain nonparty lienholders sought implementation of the judgment under K.S.A. 60-264. The district court denied implementation and the nonparty lienholders appealed therefrom. These lienholders were not appealing from the underlying judgment, only from the denial of their post-judgment motion under K.S.A. 60-264 for implementation of the judgment.

K.S.A. 60-264 clearly is of limited application and relates to the process involved in enforcement of a judgment in favor of or against nonparties and does not vest any nonparties with standing to appeal from the underlying judgment.

KIGA was never a party to the action herein and never requested to be made a party. In the absence of express statutory authorization, those who are not parties to an action have no standing to appeal. See *Frey, Inc. v. City of Wichita,* 11 Kan. App. 2d 116, 715 P.2d 417 (1986). We find no legal basis upon which to support a finding that KIGA has standing to bring the appeal herein. Accordingly, the appeal must be dismissed. KIGA is not left without a forum, however. A garnishment proceeding has been filed against KIGA, which proceeding is being held in abeyance pending the outcome of this appeal.

The appeal is dismissed.